## MAJOR v RED STAR TRANSIT, INC

Ohio Appeals, 9th Dist, Summit Co

No 2644. Decided Feb 6, 1936

W. E. Pardee, Akron, and C. T. Moore, Akron, for plaintiff in error.

H. A. Waltz, Akron, and Harter, Olds & Jarboe, Akron, for defendant in error.

### OPINION

By FUNK, PJ.

This was an action for personal injuries resulting from an automobile accident. Plaintiff in error was riding as a guest in an automobile driven by her husband. The verdict of the jury was for defendant, upon which verdict judgment was rendered against her.

It is claimed, first, that the trial court erred in refusing to admit in evidence the testimony of the witness Wolf pertaining to the manner in which the truck and trailers were being operated at a point about 600 to 800 feet before they reached the place of the accident.

We think this testimony was competent and that it should have been admitted.

Second, it is claimed that the court erred in the general charge with reference to what rate of speed would be a negligent rate of speed for the truck to travel, the contention being that the general charge was inconsistent with the special requests given; also that the court erred in defining the meaning of "preponderance of the evidence."

We do not think the general charge, when taken in connection with the special requests given, is subject to the construction contended for by plaintiff in error as to the rate of speed that would have been negligent. We also find that, while the language used in defining "preponderance of the evidence" is not the standard definition, we cannot say that the language used constituted prejudicial error. We therefore find no error prejudicial to plaintiff in error in these particulars.

Third, counsel for plaintiff contend that the verdict is manifestly against the weight of the evidence.

We have read the record, and we are unanimously of the opinion that counsel for plaintiff are right in this contention.

The judgment is accordingly reversed as being manifestly against the weight of the evidence, and the cause is remanded for further proceedings according to law.

In the companion case, being that of Harry Major (the husband of Cora E. Major) against the same defendant, Red Star Transit, Inc., as filed in the Common Pleas Court, there was a judgment for plaintiff in that court, and that case is also now before us upon the petition in error of said Red Star Transit, Inc., asking a reversal of that judgment. Said case is No. 2604 in this court.

Counsel for said transit company complain of five alleged errors in that case, which they contend were prejudicial to defendant below.

It is not necessary to enumerate said alleged errors as counsel are familiar with them. Suffice it to say that we have given due consideration to each of them, and find no reversible error in any of them.

The judgment in that case is therefore affirmed.

STEVENS and WASHBURN, JJ, concur in the judgments.